UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-10700-GW-KS | Date | December 30, 2024 |
| Title | Jonathan T. Jackson v. Rouman Ebrahim, et al. | Page | 1 of 3 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER ACCEPTING IN PART AND MODIFYING IN PART THE FINDINGS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint ("FAC"), Defendants' Motion to Dismiss ("Motion"), Plaintiff's Opposition, Defendants' Reply, the September 6, 2024 Report and Recommendation of the United States Magistrate Judge ("Report," Docket. No. 29), the parties' respective objections thereto, and their replies. Having completed its review, the Court accepts in part and modifies in part the findings and recommendations set forth in the Report. Accordingly, Defendants' Motion to Dismiss ("Motion," Dkt. No. 21) is **GRANTED IN PART** and **DENIED IN PART** as follows.

1) The decisions in this Order are based upon (and will specifically refer to) the discussion and rulings delineated in the Report. Familiarity with the contents of the Report is necessary as they will be referenced – but generally not repeated – herein.

2) This Court finds that the Magistrate Judge did an admirable job in dealing with the FAC, which is frankly a mess – having been purportedly drafted by a pro se litigant. The major divergence between the recommendations in the Report and this Order is that the Court will not dismiss with prejudice certain of the Plaintiff's causes of action (as recommended in the Report) but rather with leave to amend because, after the filing of the FAC, the pro se Plaintiff obtained counsel, who hopefully will be better able to adequately articulate Plaintiff's claims.

3) As to the issues of timeliness, the statute of limitations and equitable tolling, the Court agrees with the approach ultimately taken in Report regarding those topics (*i.e.*, an inability to make a determination because of "ambiguities" in the FAC). *See* Report 16:13-21; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'") (quoting *Huynh*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-10700-GW-KS | Date | December 30, 2024 |
|---|---|---|---|
| Title | Jonathan T. Jackson v. Rouman Ebrahim, et al. | Page | 2 of 3 |

*v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). The denial of the Motion as to those issues is without prejudice to Defendants' re-raising them if and when appropriate.

4)  As to Plaintiff's eighth cause of action for intentional infliction of emotional distress ("IIED") and compliance with the Government Claims Act/Tort Claims Act ("GCA"), the Report (at 18-19) is correct that, where compliance with the GCA is required (as here), the plaintiff must allege compliance (or circumstances excusing compliance) or the complaint is subject to dismissal. *See Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Quigley v. Garden Valley Fire Prot. Dist.*, 7 Cal.5th 798, 807-09, 813-15 (2019). However, the Court disagrees that the dismissal of the IIED claim for non-compliance with the GCA should be with prejudice. There would be a reason to offer Plaintiff one more opportunity to amend on this point – maybe he has satisfied the claim-filing requirement (or has a justifiable basis for noncompliance) and, as a *pro per*, just had no idea that he had to plead it or, alternatively, exactly how to do it.

5)  The Eleventh Amendment immunity of Defendants Ebrahim and Fern means that, insofar as they were acting in their official prosecutorial duties, they are absolutely immune from being sued. While Plaintiff argues that said Defendants "exceeded their official prosecutorial duties," the Report (at 22-23) correctly notes that the FAC fails to sufficiently delineate in what way(s) they did so. Hence, the Court would grant the Motion as to all claims against Defendants Ebrahim and Fern in their official capacities but, as noted *supra*, with leave to amend.

6)  As to prosecutorial immunity for the 42 U.S.C. § 1983 claims brought against Ebrahim and Fern in their individual capacities, similar to Eleventh Amendment immunity, prosecutors are entitled to absolute immunity for acts undertaken by them in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of their roles as advocates for the state. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016). But for actions outside of those traditional prosecutorial functions, Ebrahim and Fern would only be entitled to qualified immunity. *Id.*; ("Prosecutors are entitled to qualified immunity, rather than absolute immunity, when they perform administrative functions, or 'investigative functions normally performed by a detective or police officer.'" *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 126 (9th Cir. 1997)). While the Court agrees with the Report (at 22-23) that the allegations in the FAC do not presently delineate conduct that would fall outside of the scope of immunity, now that Plaintiff has the assistance of counsel, he might be able to add to his allegations or at least clarify them so that they could possibly take Ebrahim and/or Fern outside of the bounds of the immunity principles.

7)  As to Cal. Govt. Code § 821.6, for the reasons stated in paragraphs 5-6 *supra*, the Court agrees with the Report (at 23-24) that the FAC does not presently contain averments which can overcome the immunity provisions in that statute. However, it would give Plaintiff one more opportunity to attempt to do so.

8)  The Court agrees with the Report (at 24-26) that the collateral estoppel doctrine does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-10700-GW-KS | Date | December 30, 2024 |
| Title | Jonathan T. Jackson v. Rouman Ebrahim, et al. | Page | 3 of 3 |

preclude Plaintiff from proceeding against Defendant Letourneau.

9) The Court agrees with the Report (at 27-28) that the *Rooker-Feldman* doctrine does not provide Defendants with a basis for dismissing Plaintiff's claims in the FAC.

10) The Court agrees with the Report (at 28-37) that the allegations in the FAC as to Plaintiff's causes of action One (violations of Fourth and Fourteenth Amendments via 42 U.S.C. § 1983), Two (malicious prosecution), Four (unreasonable search/judicial deception), Five (unreasonable seizure for lack of probable cause), Seven (unlawful invasion of privacy) and Eight (IIED) are: (1) inadequate pled, (2) consist of mere conclusions of law rather than operative facts, and/or (3) contain mere amorphous assertions. Thus, the Court would grant the motion to dismiss as to those causes of action but with leave to amend.

11) The Court agrees with the Report (at 31-32) that the third cause of action is barely but adequately pled.

12) As noted in the Report (at 35), Plaintiff withdrew his sixth cause of action. *See* Docket No. 24-1 at 29.

13) As to qualified immunity and punitive damages, the analysis of any motion to dismiss on those bases requires a detailed examination of the factual allegations in the pleading. Because the Court is dismissing several counts with leave to amend, the Count will deny the motion to dismiss on the ground of qualified immunity and as to the issue of punitive damages subject to their being raised again following Plaintiff's next amended complaint.

14) For the reasons stated above, the Court accepts the findings and recommendations set forth in the Report as delineated herein. Accordingly, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part as follows:

    (a) the Motion to Dismiss is granted with leave to amend (to the extent discussed herein) as to topics of Eleventh Amendment Immunity, Absolute Prosecutorial Immunity, Immunity under Government Code Section 821.6, and Failure to State a Claim for Causes of Action One, Two, Four, Five, Seven, and Eight;

    (b) the Motion to Dismiss is denied as to the issues of the Statute of Limitations and Equitable Tolling, Failure to State a Claim for Claim Three, Qualified Immunity, Collateral Estoppel, Punitive Damages and the *Rooker-Feldman* doctrine; but subject to their being raised again depending upon Plaintiff's amendment of his FAC;

    (c) the third cause of action is dismissed as Plaintiff has abandoned that claim;

Plaintiff shall file his amended complaint within three weeks of the entry of this Order on the docket. Plaintiff is cautioned that he will only be given one more opportunity to amend his complaint.

---

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |